UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re TIFFANY GARRIGA,<br><br>*Debtor.* | Case No.  24-35345-CGM<br><br>**Chapter 7** |
| TIMOTHY SLOWINSKI,<br><br>         *Plaintiff-creditor,*<br><br>-against-<br><br>TIFFANY GARRIGA,<br><br>         *Defendant-debtor.* | <u>ADVERSARY COMPLAINT</u><br><br>REQUEST FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT<br><br>Adv. Proc. No._____ |

Plaintiff-creditor, TIMOTHY P. SLOWINSKI (hereinafter "plaintiff"), for his Complaint against defendant-debtor, TIFFANY GARRIGA ("Garriga"), does allege:

1.      At all relevant times herein, plaintiff-creditor was and is an individual residing in Hudson, New York, and the owner of property located at 224 State Street, Hudson, New York (the "Property"), which is plaintiff's current place of residence.

2.      Upon information and belief and at all times hereinafter mentioned, defendant-debtor, Garriga, was and still is a resident of the State of New York, with a place of residence at   53 Green Street, Apartment #2, Hudson, New York, 12534-2329.

3.      This Adversary Proceeding is commenced in conjunction with Garriga's voluntary Petition for Chapter 7 relief filed in this Court on April 6, 2024.

4.      Plaintiff brings this proceeding to obtain an Order and Judgment declaring that defendant's debt to plaintiff is not dischargeable pursuant to 11 USC §§ 523(a)(4), 523(a)(6), and for such other, further and different relief as this Court deems just, proper and equitable under the circumstances.

5.      This Court has jurisdiction over this Adversary Proceeding pursuant to this Court's core subject matter jurisdiction under 28 USC § 157(b)(2)(1).

6.      Plaintiff has standing, as defendant's creditor, to object to discharge of debtor's obligation to plaintiff pursuant to 11 USC § 727(c)(J).

7.      Prior to filing said Petition, defendant became indebted to plaintiff during the period November 2017 through September 28, 2022 ("the relevant period"), when defendant deliberately, intentionally, wrongfully and without just cause or excuse, converted plaintiff's Property to her own use and excluded plaintiff therefrom, and deliberately, intentionally, wrongfully and without just cause or excuse, damaged, vandalized, and stole plaintiff's real and personal property.

## Detailed Factual Allegations

8.      Plaintiff and Garriga met in Hudson, New York, in 2013 and thereafter became intimately involved and contemplated marriage by January 2015.

9.      In January 2015, plaintiff had offered to purchase the Property in his sole name. When plaintiff informed Garriga about his intended purchase, Garriga insisted she was

unwilling to move forward with the parties' contemplated marriage unless her name was added to the deed.

10.     On February 7, 2015, plaintiff proposed to Garriga and offered an engagement ring which she accepted. On February 10, 2015, a Deed was prepared for the Property listing Garriga and plaintiff as tenants in common in contemplation of marriage.

11.     On February 18, 2015, plaintiff purchased the Property entirely with his own funds; Garriga contributed nothing towards the purchase or any costs of closing.

12.     When the Property was purchased, it was in a dilapidated state and in need of gutting and reconstruction. The parties contemplated they would renovate the Property and then move into it as a married couple with their children.

13.     After the purchase, plaintiff invested over $100,000 in performing renovations at the Property, and defendant contributed nothing.

14.     As plaintiff was working on renovations, Garriga repeatedly delayed the wedding and rejected plaintiff's suggestions for wedding plans while refusing to make any contributions toward same.

15.     In November 2017, Garriga informed plaintiff that she was moving into the Property while renovations were ongoing and as she delayed marriage.

16.     In November 2017, plaintiff expressly instructed Garriga that she could not move into the Property, notably, a Certificate of Occupancy ("CO") had not yet been obtained and construction was on-going; however, Garriga disregarded plaintiff's instructions and over his objection, moved into the home with her daughter in November 2017.

17. Garriga's occupancy of the premise in November 2017 interfered with continued renovations at the Property due to her use and occupancy.

18. Once the Certificate of Occupancy was issued for the Property on April 29, 2019, plaintiff sought to use the Property for himself and his children. However, Garriga willfully and maliciously excluded plaintiff from the Property. For example, below are non-limiting, illustrative examples of Garriga's behavior during the relevant period:

    a. Garriga threatened plaintiff that if he moved any of his or his children's belongings into the home, she would smash them and have them taken to the dump, and she demanded that plaintiff discard possessions he was storing in the garage at the Property including children's clothing, bookshelves, appliances, plumbing fixtures and other items;

    b. When plaintiff proposed to rent out part of the Property to pay for expenses, Garriga responded, "HELL NO," "█████ IS WRONG WITH YOU," "RENT OUT THE GALLERY," "NO" and "RENT YOUR ███ HOLE";

    c. When plaintiff gave Garriga notice she needed to move out and take her name off the deed, Garriga responded: "no one has time for you bull███ text messages so just stop it get a cup of water and some paint," and said plaintiff was a "troublemaker old man";

    d. On another occasion, plaintiff was inside the Property installing laminate flooring. When plaintiff texted Garriga he was working on the house, she texted back, "oh hell no." Garriga then came to the house, picked up a heavy roll of linoleum, and as plaintiff was kneeling to install floor boards, she held the linoleum to his face and threatened to smash his face with it calling him an "█hole" "████" and "mother █████," and then she threw the roll of linoleum towards him and threatened to burn down the house;

    e. Garriga infused the air at the Property with cigarette and heavy marijuana smoke making it unlivable for plaintiff and his children and which also violated plaintiff's express conditions for use of the Property;

    f. After plaintiff ended the engagement and demanded that Garriga move out of the Property, Garriga assaulted plaintiff and filed false charges against him before the Hudson Police Department and the Columbia County

Family Court to obtain a restraining order precluding plaintiff from the Property. All these charges were later dismissed when the matter went to trial and Garriga twice pled the Fifth Amendment and refused to testify as to her false allegations against the plaintiff.

19. Plaintiff commenced an action in the Supreme Court of the State of New York, Columbia County (N.Y. Supreme Court), seeking to recover his real and personal Property from Garriga specifically alleging that Garriga was willfully and maliciously excluding plaintiff from his Property.

20. On June 24, 2022, in said action, the N.Y. Supreme Court ordered that Garriga execute and deliver to plaintiff a deed of her interest in the Property and ordered that plaintiff was further entitled to return of the engagement ring given to Garriga in contemplation of marriage (Exh. A at Appx. 1-6) (Feb. 26, 2024 Decision and Order of N.Y. Supreme Court, Columbia County).

21. Garriga defied the June 24, 2022 court order requiring that she execute a deed of her interest to plaintiff and refused to do so or vacate the Property. Garriga also refused to return the engagement ring claiming she lost it and also that her son had stolen it.

22. On July 20, 2022, the Sheriff served Garriga a Notice to Quit the Property immediately (Exh. B at Appx. 7), but still, she did not leave.

23. On July 27, 2022, the N.Y. Supreme Court issued an order to show cause against Garriga, returnable August 11, 2024, as to why she should not be ejected from the Property and her deeded interest rescinded by court order as she refused to leave the Property or execute a Deed to plaintiff as ordered by the court (Exh. C at Appx. 9).

24.     In response to the July 27, 2022 OTSC, Garriga still refused to vacate the Property and did not appear in Court on the return date of August 11, 2024.  When Garriga did not appear, the N.Y. Supreme Court adjourned the OTSC until September 15, 2022.  A trial on damages was scheduled for September 28, 2022.

25.     By September 26, 2022, Garriga had vacated the premises; however, before vacating, Garriga vandalized the Property and removed personal possessions belonging to plaintiff.  For example, among other vandalism to the Property, Garriga:

     a. spray-painted highly-offensive slurs directed against plaintiff on walls, windows and flooring throughout the house;

     b. dumped dirt, animal feces, urine-soaked cardboard, garbage, broken furniture, and raw meat, rotting onions, eggs, lemons, and other foodstuffs about the residence;

     c. left water dripping on the wood floor that destroyed flooring and caused mold to grow in the floor, kitchen walls and basement ceiling;

     d. poured concrete into bathroom drains, damaging the plumbing; and

     e. placed raw dead fish in hidden locations throughout the house, for example, inside ten baseboard heating units, inside the house air conditioning unit, inside the kitchen exhaust hood, inside the fireplace, behind basement partition walls, inside of house vents, and she hid a whole fish head behind a stack of paint cans in a corner by the front door. The decaying dead fish created a foul odor, bred maggots and an infestation of flies ensued that rendered the house uninhabitable and damaged the ceilings and walls, heat and venting systems.

26.     Personal property belonging to plaintiff that Garriga took from the Property upon vacating included a large Samsung Television, a large box freezer,  boxes of laminate flooring, clothing items, artwork, window curtains and rods, plumbing fixtures and a new

electric range.

27. On September 27, 2022, plaintiff accompanied the Hudson Police Department to the Property and both the police and plaintiff photographed Garriga's vandalism (*See* Exh. D at Appx. 11-19 [plaintiff's photographs, entered as Exhibit P-27 in the Sept. 28, 2022 trial before the N. Y. Supreme Court]).

28. On September 27, 2022, plaintiff, with the assistance of a friend, removed about 400-500 pounds of debris from the home (*i.e.,* referenced above in paragraph 25(b)); placed the debris outside the home in bags and boxes to be taken to the dump; and then secured the home with new latches and locks.

29. On the night of September 27, 2022, Garriga gained entry to the home by breaking windows on the front and back doors of the house and then dragged the debris back inside the house and dumped it over the basement floor.

30. A trial on damages was held before N.Y. Supreme Court on September 28, 2022. Garriga did not appear but was represented by counsel.

31. On September 29, 2022, the N.Y. Supreme Court entered an Order of Contempt and Arrest against Garriga (Exh. E, 9/22/2022 Order of Contempt). Among other things, the Court found Garriga had "willfully failed to obey this Court's prior order directing Defendant to execute and deliver a deed of her interest [in the Property] to Plaintiff … " (Exh. E, Appx. 20), and "by reason of her misconduct and disobedience" was directed to be imprisoned for contempt until she executed the deed (Exh. E, Appx. 20).

32. Judgment in favor of plaintiff and against defendant in the amount of $177,800.00

was entered in the Columbia County Supreme Court on November 28, 2022 with interest accruing therefrom at the statutory rate, reflecting damages in the amount of $4,000 for withholding of the engagement ring and the remainder for "withholding of the Property including the rents or value of the use and occupancy of the Property by Garriga for the term November 2017 through September 28, 2022" (*See* Exh. F at Appx. 22, November 28, 2022 Judgment entered by the Hon. Jonathan D. Nichols, A.J.S.C.).

33.     On or about January 10, 2023, Garriga was arrested and imprisoned for contempt under the Court's contempt and arrest order of September 29, 2022.

34.     On January 12, 2023, after about two days in jail, Garriga executed a deed of her interest in the Property to plaintiff but defaced the front of the document with scrawling (Exh. G at Appx. 24), and on the accompanying transfer paperwork, she wrote "█████ You All" adjacent her signature (*see* Exh. H at Appx. 28, 29).

35.     Since entry of the Judgment of November 28, 2022, plaintiff has collected $3,653.38 from Garriga, leaving a balance due of $174,146.62.

36.     Plaintiff is aware that defendant Garriga obtained settlement monies from a lawsuit, *Garriga v. Intercontinental Hotels Group*, Case Number 18STCV01221, filed in the Superior Court of California, County of Los Angeles, which settled on or about August 25, 2022.

37.     The N.Y. Supreme Court (Hon. Daniel C. Lynch, J.S.C.), issued a *Subpoena Duces Tecum* to Garriga on February 23, 2024, ordering that she produce the settlement document and financial statements reflecting deposit and transfer of settlement monies

(Exh. I at Appx. 30), by March 22, 2024. Garriga requested an extension and was then ordered to produce the subpoenaed materials by April 8, 2024 or appear before the Court at a contempt hearing on April 11, 2024 (Exh. J at Appx. 32).

38.     Defendant Garriga then filed this bankruptcy proceeding on April 6, 2024.

**AS FOR A FIRST CAUSE OF ACTION**

39.     Plaintiff realleges and incorporates by references the allegations contained in Paragraphs 1 through 38 of this Complaint, with the same force and effect as if the same were fully set forth herein at length

40.     Defendant's obligation to plaintiff is not dischargeable in bankruptcy as it was obtained as a result of defendant's willful and malicious injury to plaintiff and his property. *Bankruptcy Code §523(a)(6)* provides that a debtor's obligation to a creditor is not dischargeable where that obligation was incurred as a result of the debtor's willful and malicious injury to another entity or the property of another entity, namely the plaintiff.

41.     The courts have clearly held based on legislative history and Congressional intent that *Bankruptcy Code §523(a)(6)* "embrace[s] the conversion of property so that a conversion is treated under this section as an injury to property for purposes of nondischargeability." *In re Contento*, 37 B.R. 853, 854-55 (S.D.N.Y. 1984) (citing *Southgate v. Nelson*, 35 B.R. 766, 11 B.C.D. 159 (D.C.N.D.Ill. 1983); *Communication Federal Credit Union v. Lewis*, 31 B.R. 83 (W.D.Okla.1983); *Car Village Buick-Opel, Inc. v. De Rosa*, 20 B.R. 307 (S.D.N.Y. 1982)).

42.     However, the elements of willfulness and malice are required under *Bankruptcy*

Code §523(a)(6), "because 'there may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice'" (*In re Contento*, 37 B.R. 855 (quoting *Davis v. Aetna Acceptance Co.,* 293 U.S. 328 (1934)).

43.    The courts have advised that " 'the key in conversion cases is to analyze each set of circumstances on a case-by-case basis to determine whether the conversion is in the nature of an intentional tort ....'" *In re Robinson*, 595 B.R. 148, 163 (S.D.N.Y. 2019) (quoting *In re Kidd*, 219 B.R. 278, 284 (D. Mont. 1998)).

44.    Garriga did not engage in a technical or innocent conversion or honest mistake but intentionally and without justification converted the Property exclusively to herself in knowing disregard of plaintiff's rights.

45.    Garriga intentionally appropriated the Property to her own beneficial use and exercised dominion over the same, and intentionally engaged in injurious acts directed to the plaintiff for the specific purpose of excluding him from the Property and denying him his lawful right to use and enjoyment of his Property, which constitutes intentional conversion.

46.    The term "willful" as used in the *Bankruptcy Code §523(a)(6),* means that the debtor-defendant deliberately injured the plaintiff or believed the injury was substantially certain to result from her conduct.  *In re Ferrandina*, 533 B.R. 11, 26 (E.D.N.Y. 2015).

47.    The term "malicious" as used in the *Bankruptcy Code §523(a)(6),* means that the debtor has acted wrongfully and without just cause or excuse, and may be implied "when 'anyone of reasonable intelligence knows that the act in question is contrary to commonly

accepted duties in the ordinary relationships among people, and injurious to another.'" *In re Robinson,* 595 B.R. at 163 *(*quoting *Navistar Fin. Corp. v. Stelluti (In re Stelluti)* , 167 B.R. 29, 33 (S.D.N.Y. 1994)).

48.     Defendant deliberately injured the plaintiff in exercising dominion and control over the Property, and throughout the relevant period, she engaged in threats, assaults, abuse, false allegations and other wrongful conduct which she deliberately pursued for the specific purpose of injuring the plaintiff and interfering with his rights to his Property.

49.     Garriga knew that injury to plaintiff was substantially certain to result from her conduct.

50.     Plaintiff had an immediate right to the use and enjoyment of his own Property, which defendant wrongfully appropriated exclusively to herself without just cause.

51.     Plaintiff demanded from defendant that she vacate the Property and allow him peaceful use of his Property which was his legal right, to no avail.

52.     Anyone of reasonable intelligence would know that Garriga's conduct was contrary to commonly accepted duties in the ordinary relationships among people and injurious to plaintiff.   *In re Robinson,* 595 B.R. at 163.

53.     Defendant's debt herein arose as a result of defendant's willful and malicious conversion of plaintiff's Property for her own personal benefit to the exclusion of plaintiff which she did intentionally, deliberately, wrongfully and without just cause or excuse, while knowing that her conduct was injurious to plaintiff.

54.     As a result of defendant's willful and malicious conduct against plaintiff, plaintiff

has been injured in the sum of $174,146.62 with interest accruing from November 28, 2022 at the New York statutory rate of 9% per annum.

## AS FOR A SECOND/ CAUSE OF ACTION

55.     Plaintiff realleges and incorporates by references the allegations contained in Paragraphs 1 through 54 of this Complaint, with the same force and effect as if the same were fully set forth herein at length.

56.     *Bankruptcy Code §523(a)(4)* states that no debt may be discharged where that debt was obtained by larceny.

57.     In or about September 2022, Garriga stole personal property belonging to plaintiff upon vacating the Property including a large Samsung Television, a large box freezer, boxes of laminate flooring, clothing items, artwork, window curtains and rods, plumbing fixtures and a new electric range, totaling about $2,500 in value.

58.     When Garriga removed plaintiff's personal property from the residence in about September 2022, she knew the possessions did not belong to her but intended to convert them to her own use without the consent of plaintiff.

59.     Garriga knew she was required by law to return the engagement ring to plaintiff upon termination of the engagement and was court-ordered to return the ring to plaintiff but deliberately refused to do so and intended to, and did in fact, make this property her own without consent of the plaintiff.

60.     In its judgment in favor of November 28, 2022, the Columbia County Supreme Court awarded damages to plaintiff in the amount of $4,000 for withholding of the

engagement ring, as reflective of the ring's then-present value.

61.     Accordingly, $6,500 of defendant's debt to plaintiff is not dischargeable in bankruptcy, pursuant to *Bankruptcy Code §523(a)(4),* as it was obtained by larceny.

WHEREFORE, plaintiff respectfully requests that this Court issue an Order as follows:

(i)     On the First Cause of Action, that the debt that defendant, GARRIGA, owes plaintiff totaling $174,146.62, plus interest, is not dischargeable pursuant to 11 USC § 523(a)(6) as the debt was uncured as a result of defendant's willful and malicious conversion of plaintiff's property; and

(ii)    On the Second Cause of Action, that the debt that defendant, GARRIGA, owes plaintiff, totaling approximately $5,500 in damages, $4,000 of which is encompassed within the $174,146.62 judgment, is not dischargeable pursuant to 11 USC § 523(a)(4) as it was incurred as a result of defendant's larceny;  and

(iii)   Such other, further and different relief as the Court deems just, proper and equitable under the circumstances.

Respectfully,

*/s/ Timothy Slowinski*

Dated: Hudson, New York               By: _____
     May _24_, 2024

                              Timothy P. Slowinski, *pro se*
                              224 State Street
                              Hudson, NY 12534
                              518-567-7858

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                    City                    State                    Zip Code


_____
Telephone Number                              E-mail Address


_____
Date                                          Signature

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Timothy Slowinski | **DEFENDANTS**<br>Tiffany Garriga |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Timothy Slowinski Pro Se<br>224 State Street, Hudson, NY 12534<br>518-567-7858 | **ATTORNEYS** (If Known)<br>Mitchell H. Spinac<br>325 Wall Street, Kingston NY 12401<br>845-331-5777 |
|---|---|
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

First Cause: Defendants oblilgation is not dischargable as it was a result of defendant's willful and malicious injury to plaintiff and his property. 11 USC 523(a)(6)

Second Cause: Defendants obligation is not dischargable as it was obtained by larceny.  11 USC 523(a)(4)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  174,146.62 |

| Other Relief Sought | Such other, further and different relief as the Court deems just, proper and equitable under the circumstances. |
|---|---|

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br> Tiffany M. Garriga | BANKRUPTCY CASE NO.<br> 24-35345-CGM | |
| DISTRICT IN WHICH CASE IS PENDING<br> Southern District | DIVISION OFFICE<br> Poughkeepsie | NAME OF JUDGE<br> Cecelia G. Morris |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>s/ Timothy Slowinski | | |
| DATE<br> 5/24/2004 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br> Timothy Slowinski, Pro Se | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

STATE OF NEW YORK
SUPREME COURT                                    COUNTY OF COLUMBIA

TIMOTHY SLOWINSKI,

                            Plaintiff,          **DECISION AND ORDER**
                                             Index No.: E012020016240
     -against-                                              RJI No.:

TIFFANY GARRIGA,

                            Defendant.

APPEARANCES:          Timothy Slowinski
                       *Plaintiff*
                       224 State Street
                       Hudson, New York 12534

LYNCH, J.:

     In 2013, plaintiff and defendant began a romantic relationship, and the parties were engaged to be married. Plaintiff and defendant purchased a home located at 224 State Street, in the City of Hudson (hereinafter referred to as "the property"), though plaintiff paid the purchase price and associated costs. Throughout 2016 and 2017, however, the relationship between the parties deteriorated, and in 2019 plaintiff canceled their engagement, though plaintiff continued to perform repair work at the property and defendant continued to live there. In October 2020, plaintiff commenced the instant action, asserting claims for partition and sale, replevin, unjust enrichment, promissory estoppel and relief pursuant to Civil Rights Law § 80-b. Plaintiff was granted summary judgment in 2022, and this Court (Nichols, J.) ordered, in relevant part, that defendant execute and deliver to plaintiff a deed of her interest in the property. However, defendant failed to execute and deliver this deed to plaintiff, and so was held in contempt of court in

Filed by:
Timothy P. Slowinski, *pro se*
224 State Street
Hudson, NY 12534
518-567-7858

September 2022. Plaintiff also received a judgment of possession for the property and a money

judgment for $177,800.

   As part of plaintiff's enforcement of this judgment, he attempted to serve an information

subpoena on defendant seeking information on the amount and location of funds she received from

the settlement of a personal injury action in California. Initially, plaintiff served the subpoena on

defendant via certified mail, return receipt requested, through his then-attorneys on May 4, 2023.

Defendant did not respond, and plaintiff, now representing himself, attempted to serve the same

information subpoena on defendant a second time in October 2023. However, the Columbia

County Sheriff's Office was unable to personally serve defendant, as she refused to answer the

door. As such, the subpoena was served by affixing it to defendant's door and mailing a copy to

defendant's home address pursuant to CPLR 308 (4). Plaintiff now moves, pro se, for permission

to serve this subpoena through email, certified mail and e-filing under CPLR 305 (5).

   "Service of an information subpoena may be made by registered or certified mail, return

receipt requested" (CPLR 5224 [a] [3]). A subpoena duces tecum, however, must "be served in

the same manner as a summons" through CPLR 308 (1), (2) or (4) (CPLR 2303 [a]). Where service

cannot be accomplished through delivery of the subpoena to the person to be served or through

delivery to that person's place of business, dwelling place or usual abode with due diligence,

service can be made "by affixing the summons to the door of either the actual place of business,

dwelling place or usual place of abode within the state of the person to be served and by either

mailing the summons to such person at his or her last known residence" (CPLR 308 [4]). If service

is impracticable under CPLR 308 (1), (2) or (4), then service can be made "in such manner as the

court, upon motion without notice, directs" (CPLR 308 [5]). As such, the movant must "make [a]

requisite showing of impracticability [or the] court is without power to direct expedient service

2

**Appx. 2**

pursuant to CPLR 308 (5)" (*Joseph II. v Luisa JJ.*, 201 AD3d 43, 49 [3d Dept 2021] [internal quotation marks and citations omitted]; *see Kelsey v Catena*, 217 AD3d 1233, 1235 n 3 [3d Dept 2023], *appeal dismissed* 40 NY3d 1014 [2023]).

Plaintiff has failed to make the requisite showing that service is impracticable, because the subpoena was in fact served on defendant on two separate occasions. When plaintiff's attorneys mailed the information subpoena to defendant on May 4, 2023 via certified mail, return receipt requested, the requirements of service for an information subpoena were met (*see* CPLR 5224 [a] [3]). Furthermore, as set forth in the affidavits attached to plaintiff's motion for alternate service, the information subpoena was again served by affixing it to defendant's door and mailing a copy to her home address after five attempts had been made to serve her, to no avail. As these attempts were made in the morning, noon and evening on different days of multiple weeks, the requirements of due diligence under CPLR 308 (4) were met, and so service of the subpoena was made upon defendant under CPLR 2303 (a) (*see State of New York v Summers*, 211 AD3d 1208, 1209-1210 [3d Dept 2022], *appeal dismissed* 39 NY3d 1122 [2023]; *State of N.Y. Higher Educ. Servs. Corp. v Sparozic*, 35 AD3d 1069, 1071-1072 [3d Dept 2006], *lv dismissed* 8 NY3d 958 [2007]). Therefore, there is no need to grant plaintiff's motion for alternate service, as both the information subpoena issued by plaintiff's attorneys and the information subpoena issued by plaintiff himself were served on defendant.

Plaintiff also moved to compel defendant's compliance with this subpoena pursuant to CPLR 2308 (b), asking that this court order (1) a warrant directing her to be brought to a hearing and respond to the questions in the information subpoena, (2) a subpoena duces tecum ordering defendant to bring certain documents to the hearing, (3) a penalty of $50 for defendant's failure to respond to the information subpoena and (4) an award of at least $150 in damages to plaintiff

3

**Appx. 3**

covering the cost of filing, service, gas, supplies and lost work hours. Plaintiff also requested that the court "impose any other relief as [it] deems just and proper" in the affidavit accompanying his motion. "Failure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court" (CPLR 2308 [a]; *see Cadlerock Joint Venture, L.P. v Patterson*, 199 AD3d 557, 558 [1st Dept 2021]). However, "if a person fails to comply with a subpoena which is not returnable in a court, the issuer or the person on whose behalf the subpoena was issued may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance" (CPLR 2308 [b] [1]). "Subpoenas may be issued without a court order by . . . an attorney of record for a party to an action," but may not be issued by an individual representing himself pro se (CPLR 2302 [a]; *Chopak v Marcus*, 22 AD2d 825, 825 [2d Dept 1964]; 58A NY Jur 2d, Authority of a Layperson to Issue Subpoena § 759).

Plaintiff had no authority to issue the information subpoena pro se, and so this Court cannot grant his motion to compel compliance with that non-judicial subpoena (*see* CPLR 2302 [a]; 2308 [b] [1]). However, the information subpoena served on defendant on May 4, 2023 was issued by plaintiff's then-attorneys, meaning that it was issued by an officer of the court and so can be enforced through a contempt motion (*see Cadlerock Joint Venture, L.P. v Patterson*, 199 AD3d at 558; *Matter of Ling v Sans Souci Owners Corp.*, 187 AD3d 755, 756-577 [2d Dept 2020]). As such, to enforce the only proper subpoena issued to defendant, plaintiff was required to move for contempt under CPLR 2308 (a) rather than moving to compel compliance under CPLR 2308 (b) (1) (*see Douglas Elliman, LLC v TWP Real Estate, LLC*, 189 AD3d 614, 614 [1st Dept 2020]). However, because plaintiff moved for "other relief as this Court deems just and proper," his motion under CPLR 2308 (b) (1) can be deemed to have been made pursuant to CPLR 2308 (a) (*see id.*; *Meisner v Hamilton, Fulton, Montgomery Bd. of Coop. Educ. Servs.*, 175 AD3d 1653, 1654 [3d

4

**Appx. 4**

Dept 2019]; *Meadow at Clarke Hollow Bay, LLC v White*, 155 AD3d 1325, 1325-1326 [3d Dept 2017]). It is undisputed that defendant failed to comply with the information subpoena. Therefore, this Court holds that she is required to respond to it by March 22, 2024, or she will be ordered to appear before this Court in a contempt hearing on April 11, 2024.

Plaintiff's request that this Court issue a subpoena duces tecum for documents relevant to the information subpoena is granted, as the documents sought therein "are relevant and material to facts at issue in [this] proceeding" (*Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 8 AD3d 935, 937 [3d Dept 2004] [internal quotation marks and citation omitted]; *see Barrett v Barrett*, 281 AD2d 799, 801 [3d Dept 2001]).

Any remaining arguments not specifically addressed herein have been considered and found to be lacking in merit or need not be reached in light of this determination.

Accordingly, it is hereby

**ORDERED**, that plaintiff's motion for alternate service is denied; and it is further

**ORDERED**, that plaintiff's motion to compel compliance with the information subpoena is granted to the extent that defendant is ordered to respond to this subpoena by March 22, 2024, or be required to appear before this Court in a contempt hearing on April 11, 2024; and it is further

**ORDERED**, that plaintiff's request for the issuance of a subpoena duces tecum is granted.

This memorandum constitutes the Decision and Order of the Court. The original Decision and Order is being uploaded to the NYSCEF system for filing and entry by the Columbia County Clerk. The signing of this Decision and Order and uploading to the NYSCEF system shall not constitute filing, entry, service, or notice of entry under CPLR 2220 and § 202.5-b(h)(2) of the Uniform Rules for the New York State Trial Courts. Plaintiff is not relieved from the applicable

5

**Appx. 5**

provisions of those rules with respect to service and notice of entry of the Decision and Order.

**SO ORDERED**.

**ENTER**.

Dated: February 23, 2024
     Albany, New York

                         HON. DANIEL C. LYNCH, J.S.C.

PAPERS CONSIDERED:

1. Notice of Motion, dated November 28, 2023; Affidavit in Support of Motion for Alternate Service of Timothy Slowinski, dated November 28, 2023, with Exhibits 1-6;
2. Notice of Motion, dated December 4, 2023; Affidavit in Support of Motion to Compel Compliance with Information Subpoena of Timothy Slowinski, dated December 4, 2023, with Exhibits 1-10.

To:

     Timothy Slowinski
     123 Warren Street
     Hudson, New York 12534

6

**Appx. 6**

Filed by:
Timothy P. Slowinski, pro se
224 State Street
Hudson, NY 12534
518-567-7858

**SHERIFF'S AFFIDAVIT OF SERVICE**
**COLUMBIA COUNTY SHERIFF'S OFFICE**
**85 Industrial Tract**
**Hudson, NY 12534**
**Civil Office 518-828-0601**

NOTICE TO IMMEDIATELY QUIT AND VACATE PREMISES UNLAWFULLY
OCCUPIED WITHIN 10 DAYS, MEMORANDUM OF LAW, ORDER TO SHOW CAUSE
FOR CIVIL CONTEMPT AND ARREST, TO RESCIND AND TRANSFER PROPERTY
ITEREST AND ORDER OF EJECTMENT, ORDER OF CONTEMPT AND ARREST AND
FOR JUDGEMENT, AFFIDAVIT OF MATTHEW S SLOWINSKI, ESQ IN SUPPORT OF
ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT AND ARREST, FOR ORDER OF
RESCISSION OF DEEDED INTEREST AND FOR EJECTMENT, AFFIDAVIT OF
TIMOTHY SLOWINSKI IN FURTHER SUPPORT OF ORDER TO SHOW CAUSE AND
FOR ORDER OF EJECTMENT AND TO ENJOIN DEFENDANT FROM REMOVAL OF
PLAINTIFF'S PERSONAL AND DISPUTED PROPERTY UPON VACATING
COLUMBIA COUNTY SUPREME COURT

Case #: 22000577
Index #: E012020016240

PETITIONER(S) TIMOTHY SLOWINSKI

-against-

RESPONDENTS(S) TIFFANY GARRIGA

I, STEPHEN NAEGELI, certify that on 7/20/2022 at approximately 3:18 AM at 224 STATE
STREET HUDSON, NY 12534 service of the annexed NOTICE TO IMMEDIATELY QUIT
AND VACATE PREMISES UNLAWFULLY OCCUPIED WITHIN 10 DAYS,
MEMORANDUM OF LAW, ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT AND
ARREST, TO RESCIND AND TRANSFER PROPERTY ITEREST AND ORDER OF
EJECTMENT, ORDER OF CONTEMPT AND ARREST AND FOR JUDGEMENT,
AFFIDAVIT OF MATTHEW S SLOWINSKI, ESQ IN SUPPORT OF ORDER TO SHOW
CAUSE FOR CIVIL CONTEMPT AND ARREST, FOR ORDER OF RESCISSION OF
DEEDED INTEREST AND FOR EJECTMENT, AFFIDAVIT OF TIMOTHY SLOWINSKI IN
FURTHER SUPPORT OF ORDER TO SHOW CAUSE AND FOR ORDER OF EJECTMENT
AND TO ENJOIN DEFENDANT FROM REMOVAL OF PLAINTIFF'S PERSONAL AND
DISPUTED PROPERTY UPON VACATING was made upon:

**TIFFANY GARRIGA**

the Defendant named herein the following manner:

AFFIX TO DOOR/CERTIFIED MAIL By affixing a true copy thereof to the door of the above-
mentioned address: said address being the place of abode of the defendant. Also by depositing a
true copy thereof in a sealed postpaid wrapper in the Post Office Box regularly maintained by the
United State Government within the State of New York, directed to the Defendant at his/her last
known residence which was 224 STATE STREET HUDSON, NY 12534 on 7/20/2022.

The following attempts at personal service were made:     **Exhibit B**

**Appx. 7**

Date: 7/11/2022 @ 8:40 PM - 224 STATE STREET HUDSON, NY 12534
Date: 7/14/2022 @ 10:38 AM - 224 STATE STREET HUDSON, NY 12534
Date: 7/15/2022 @ 12:35 AM - 224 STATE STREET HUDSON, NY 12534
Date: 7/16/2022 @ 12:58 PM - 224 STATE STREET HUDSON, NY 12534
Date: 7/16/2022 @ 3:30 PM - 224 STATE STREET HUDSON, NY 12534
Date: 7/17/2022 @ 8:00 AM - 224 STATE STREET HUDSON, NY 12534
Date: 7/19/2022 @ 12:22 AM - 224 STATE STREET HUDSON, NY 12534
Date: 7/19/2022 @ 3:59 PM - 224 STATE STREET HUDSON, NY 12534
Date: 7/20/2022 @ 3:18 AM - 224 STATE STREET HUDSON, NY 12534

Dp Naegeli #68                              Dated: ___7/21/22___

Deputy Sheriff Who Made Service
STEPHEN NAEGELI
Sworn and Subscribed to Before Me
this 21st day of July , 2022

Michele Donnelly
Notary Public

MICHELE DONNELLY
Notary Public, State of New York
No. 01DO6330744
Qualified in Columbia County
Commission Expires Sept. 21, 20 23

**Appx. 8**

Filed by:
**Timothy P. Slowinski, pro se**
**224 State Street**
**Hudson, NY 12534**
**518-567-7858**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF COLUMBIA

---

TIMOTHY SLOWINSKI,

*Plaintiff,*

-against-

TIFFANY GARRIGA,

*Defendant.*

---

Index No. E012020016240

Hon. Jonathan D. Nichols, J.S.C.

**ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT AND ARREST, TO RESCIND AND TRANSFER PROPERTY INTEREST AND ORDER OF EJECTMENT**

SIRS:

PLEASE TAKE NOTICE that, upon the annexed Affirmation of Matthew S. Slowinski, Esq. dated July 7, 2022, and upon all the prior pleadings and proceedings herein and upon the Decision and Order of this Court dated June 24 2022, it is

ORDERED, that Defendant show cause before this Court before the Honorable Jonathan D. Nichols, J.S.C. at the Columbia County Courthouse, 401 Union Street, Hudson, New York, on the 20th day of ~~July~~, 2022 at ~~9:30~~ in the ~~forenoon~~ or as soon thereafter as counsel can be heard, why an Order should not be entered ~~holding Defendant in civil contempt and for arrest~~, rescinding and transferring all interest held by Defendant in property located at 224 State Street, Hudson, New York, to Plaintiff and; an Order of Ejectment of Defendant from the property, and for such other and further relief as this Court deems just and equitable under the circumstances.

~~AND IT IS FURTHER ORDERED that opposition papers, if any, shall be filed via NYSCEF~~

# Exhibit C

Appx. 9

by 12:00 p.m. on or before July ___, 2022;

AND IT IS FURTHER ORDERED, that service by a copy of this Order to Show Cause via

NYSCEF together with the papers upon which it was made upon ~~Defendant and~~ Linda Friedner, Esq.

on or before the 4th day of ~~July~~, August 2022, be deemed sufficient service. *And personally upon defendant*

ENTER:

Dated: 7/27/2022

Honorable Jonathan D. Nichols, A.J.S.C.
Justice of the Supreme Court

2

**Appx. 10**

Damages to 224 State Street Photographed 9/26/2022





Sign posted by Garriga
n Front door states she moved
9/15/2022

Graffiti
on Front porch

Graffiti in Livingroom facing west



Filed by:
Timothy P. Slowinski, pro se
224 State Street
Hudson, NY 12534
518-567-7858

# Exhibit P-17

## Exhibit D to Complaint

Appx. 11



Graffiti in Livingroom facing north



Above: Kitchen west view   Below Graffiti on glass doors back of house





Trash and cardboard covered with Dog urine kitchen area



Water left dripping under sink created mold conditions on new sheetrock



Kitchen area water left dripping under sink buckled newly installed wood floorboards

**Appx. 13**



Water left dripping  sink buckled floor bathroom area



Water damage from dripping under sink caused by improper disconnect of
refirgerator water lines.



Graffiti on wall kitchen area north wall right side



Trash, food, dog feces, and bags of onions were left to rot inside house to create putrid air



Graffiti on wall k          ea north wall center area

Graffiti on wall downstairs small office room

**Appx. 15**



Graffiti on wall entering                   bathroom

Graffiti upstairs main room



Graffiti upstairs main room facing rear of house

**Appx. 16**



Graffiti upstairs master bedroom



Graffiti upstairs master bedroom



Basement area toilet and shower pan detached and damaged



Basement area toilet and shower pan detached and damaged



Basement shower area was damaged, floor torn up





Mess seen from front window of house

**Appx. 18**



Broken window basement door



Front Porch Mess



Garbage left on back porch



Slowinski posessions dumped in garage

**Appx. 19**

Filed by:
Timothy P. Slowinski, pro se
224 State Street
Hudson, NY 12534
518-567-7858

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF COLUMBIA

| | |
|---|---|
| TIMOTHY SLOWINSKI, *Plaintiff,* | Index No. E012020016240 |
| -against- | Hon. Jonathan D. Nichols, J.S.C. |
| TIFFANY GARRIGA, *Defendant.* | **ORDER OF CONTEMPT AND ARREST AND JUDGMENT FOR RECSISSION, TO EJECT AND FOR POSSESSION OF PROPERTY** |

Upon the Order to Show Cause and Motion filed by Plaintiff having duly come on to be heard before the Court for an Order of Civil Contempt and Arrest and to rescind and transfer all recorded interest Defendant may have in the property at 224 State Street, Hudson, New York, to Plaintiff and for an Order of Ejectment, and the Court having reviewed the papers submitted to the Court and the Affidavits of Matthew S. Slowinski, Esq. and Timothy P. Slowinski and the Court having reviewed the foregoing submissions and having held a hearing on the record and due deliberation having been had, the Court finds that Defendant has willfully failed to obey this Court's prior order directing Defendant to execute and deliver a deed of her interest to property at 224 State Street, Hudson, New York to Plaintiff which has prejudiced the rights and remedies of Plaintiff; and it is,

ORDERED that the Defendant, by reason of her misconduct and disobedience and refusal to comply with this Court's Order be and hereby is committed and directed to be imprisoned in the County Jail of the County of Columbia, in which she shall remain charged with contempt until she shall have executed the deed and delivered same to Plaintiff in accordance with this Court's Order of June 24, 2022; and it is further,

# Exhibit E

**Appx. 20**

ORDERED that the Sheriff of the County of Columbia, upon delivery of a copy of this Order certified by the Clerk of the Court, shall forthwith on receipt thereof, and without further process, take the body of Defendant and deliver such to the Columbia County Jail to be detained in close custody until she shall have executed the deed, and other documents necessary to record said deed, and delivered same to Plaintiff, together with Sheriff's fees or until she shall otherwise be discharged by law; and it is further,

ORDERED and ADJUDGED, that any and all interest held by Defendant in the property at 224 State Street, Hudson, New York, is hereby otherwise rescinded and transferred to Plaintiff pursuant to this Court's Decision and Order of June 24, 2022, and that Plaintiff is entitled to a judgment of possession of the property located at 224 State Street, Hudson, New York as against Defendant, and the Sheriff of the County of Columbia, upon receipt of this Order and Judgment and payment of proper fees, is directed to eject Defendant and place Plaintiff in possession accordingly, and it is further,

ORDERED and ADJUDGED, that immediately upon entry of this Order and Judgment, Plaintiff may exercise all acts of ownership and possession of 224 State Street, Hudson, New York, as against Defendant; and it is further,

ORDERED, that the branch of the above-entitled action relating to recovery of damages is severed and continued separately.

ENTER:

Dated: September 28, 2022

Honorable Jonathan D. Nichols, A.J.S.C.
Justice of the Supreme Court

**Appx. 21**

Filed by:
Timothy P. Slowinski, pro se
224 State Street
Hudson, NY 12534
518-567-7858

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF COLUMBIA

TIMOTHY SLOWINSKI,

*Plaintiff,*

-against-

TIFFANY GARRIGA,

*Defendant.*

Index No. E012020016240

Hon. Jonathan D. Nichols, J.S.C.

**JUDGMENT**

WHEREAS, on June 24, 2022, the Honorable Jonathan D. Nichols, A.J.S.C. entered an Order and Decision in this matter entering partial summary judgment in favor of Plaintiff, Timothy Slowinski, and ordered an immediate trial to be held regarding possession of an engagement ring and for damages pursuant to CPLR 3212(c); and Upon an Order to Show Cause filed to enforce the Order and Decision and for Ejectment of Defendant from Property at 224 State Street, Hudson, New York and to recover Possession of said Property and for damages for withholding of the same;

WHEREAS on September 28, 2022, this matter came on for said trial before the Honorable Jonathan D. Nichols, A.J.S.C. at the courthouse at the Columbia County Courthouse, 401 Union Street, Hudson, New York 12534 and the Plaintiff having appeared by counsel, Matthew S. Slowinski, Esq., pro hac vice, and Defendant having been held in default but appearing by counsel, Linda Friedner, Esq. and the Honorable Jonathan D. Nichols, A.J.S.C. having presided over the trial of this matter, and having heard the testimony of the witnesses and upon receiving the evidence rendered a decision on September 28, 2022 in favor of Plaintiff and awarding Plaintiff damages in the amount of $4,000 for the cost of the engagement ring and awarding Plaintiff exclusive possession of

## Exhibit F

**Appx. 22**

the Property and damages of $3,000 per month for withholding of the Property including the rents or the value of the use and occupation of the Property by Defendant for the term of November 2017 through September 28, 2022 pro-rated,

NOW, THEREFORE, it is hereby,

ADJUDGED that Plaintiff Timothy Slowinski, residing at 123 Warren Street, Hudson, New York 12534 does recover against Defendant Tiffany M. Garriga the sum of $4,000.00, plus $3,000.00 per month for the fifty-seven months through August 2022 for a sum of $171,000.00 plus a pro-rated amount of $100.00 per diem through September 28, 2022 for a sum of $2,800.00, making in all the sum total award of damages in the amount of $177,800.00, together with any costs and disbursements as taxed by the Clerk and post-judgment interest at the statutory rate, and that the Plaintiff shall have execution therefor.

ENTER:

Judgment signed: *November 25, 2022*

Honorable Jonathan D. Nichols, A.J.S.C.
Justice of the Supreme Court

2

**Appx. 23**

# BARGAIN AND SALE DEED

**THIS INDENTURE**, made this ~~12~~ day of ~~September, 2022~~ July 2025 between Tiffany M. Garriga, residing at 224 State Street, Hudson, New York 12534, party of the first part, and,

Timothy P. Slowinski, residing at 123 Warren Street, Hudson, New York, 12534, party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of One Dollar and 00/100 cents ($1.00), lawful money of the United States and other good and valuable consideration paid by the party of the second part, does hereby grant and release to the party of the second part, his heirs or successors and assigns, of the party of the second part, forever:

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Hudson, Columbia County, New York, and all of her interest therein and if applicable as shown on that certain map entitled and filed in the County Clerk's Office in the County of Columbia, in the State of New York,

**ALL THAT CERTAIN PIECE, PARCEL AND LOT OF LAND**, with the buildings thereon, erected, situate, lying and being in the Second Ward of the City of Hudson, aforesaid, on the northerly side of State Street, between second and Third Streets and bounded and described as follows, viz:

Beginning on the northerly line of State Street at a point 275 feet distant from the easterly line of Second Street;

Thence easterly on the northerly side of State Street 25 feet;

Thence northerly at a line at right angles with State Street 120 feet to Rope Alley;

Thence westerly on Rope Alley 25 feet; and

Thence southerly to the point of beginning, being 25 feet in width in front of State Street and holding that width extends back northerly at right angles 120 feet to Rope Alley and being the easterly half of the sixth full lot easterly of Second Street.

**SAID** premises being commonly known and referred to as: 224 State Street, in the County of Columbia, Hudson, New York 12534, Tax ID: 109.36-1-60.

**BEING THE SAME PREMISES** conveyed to the party of the first part by deed dated February 10, 2015 between HSBC Bank USA, National Association as Trustee for Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2007-1, to Timothy P. Slowinski and Tiffany M. Garriga, as tenants in common; and BEING the same premises conveyed to HSBC Bank, USA, by deed dated February 3, 2014 and recorded in the Columbia County Clerk's Office on March 11, 2014 in Liber 783 at Page 841.

**SUBJECT** to all easements, covenants, conditions and/or restrictions of record.

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and the land and any streets and roads abutting the above-described premises to the center lines

Filed by:
Timothy P. Slowinski, pro se

224 State Street
Hudson, NY 12534
518-567-7858

**Exhibit G**

**Appx. 24**

thereof; **TOGETHER** with the appurtenances and all the estate rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the parties of the second part, the heirs or successors and assigns of the parties of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive any consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to payment of the cost of the improvement before using any part of the total of the same for any other purpose.

**IN WITNESS WHEREOF**, the party of the first part has duly executed this deed the day and year first written above.

**IN PRESENCE OF:**

_____
Tiffany M. Garriga

**STATE OF NEW YORK**

**COUNTY OF COLUMBIA**

On the 12 day of ~~September~~ January in the year ~~2022~~ 2023, before me, the undersigned, personally appeared Tiffany M. Garriga, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity and that by her signature onto the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

IAN WILLIAM BOEHME
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01B06413824
Qualified in Columbia County
My Commission Expires Feb 1, 2025



Department of Taxation and Finance

# Combined Real Estate Transfer Tax Return, Credit Line Mortgage Certificate, and Certification of Exemption from the Payment of Estimated Personal Income Tax

*Recording office time stamp*

Filed by:
Timothy P. Slowinski, pro se
224 State Street
Hudson, NY 12534
518-567-7858

*See Form TP-584-I,* Instructions for Form TP-584, *before completing this form. Print or type.*

## Schedule A – Information relating to conveyance

| Grantor/Transferor | Name *(if individual, last, first, middle initial)* (☐ mark an **X** if more than one grantor) | Social Security number (SSN) |
|---|---|---|
| ☒ Individual | Tiffany M. Garriga | |
| ☐ Corporation | Mailing address | SSN |
| ☐ Partnership | | |
| ☐ Estate/Trust | City          State          ZIP code | Employer Identification Number (EIN) |
| ☐ Single member LLC | Hudson          NY          12534 | |
| ☐ Multi-member LLC | Single member's name if grantor is a single member LLC *(see instructions)* | Single member EIN or SSN |
| ☐ Other | | |

| Grantee/Transferee | Name *(if individual, last, first, middle initial)* (☐ mark an **X** if more than one grantee) | SSN |
|---|---|---|
| ☒ Individual | Timothy P. Slowinski | ████ 0010 |
| ☐ Corporation | Mailing address | SSN |
| ☐ Partnership | 123 Warrent Street | |
| ☐ Estate/Trust | City          State          ZIP code | EIN |
| ☐ Single member LLC | Hudson          NY          12534 | |
| ☐ Multi-member LLC | Single member's name if grantee is a single member LLC *(see instructions)* | Single member EIN or SSN |
| ☐ Other | | |

### Location and description of property conveyed

| Tax map designation – Section, block & lot *(include dots and dashes)* | SWIS code (six digits) | Street address | City, town, or village | County |
|---|---|---|---|---|
| 109.36-1-60 | | 224 State Street | Hudson | Columbia |

### Type of property conveyed *(mark an X in applicable box)*

1 ☒ One- to three-family house
2 ☐ Residential cooperative
3 ☐ Residential condominium
4 ☐ Vacant land
5 ☐ Commercial/industrial

6 ☐ Apartment building
7 ☐ Office building
8 ☐ Four-family dwelling
9 ☐ Other _____

Date of conveyance
_____
month   day   year

Percentage of real property conveyed which is residential
real property _____ 100 %
*(see instructions)*

### Condition of conveyance
*(mark an X in all that apply)*

a. ☒ Conveyance of fee interest

b. ☐ Acquisition of a controlling interest (state percentage acquired _____ %)

c. ☐ Transfer of a controlling interest (state percentage transferred _____ %)

d. ☐ Conveyance to cooperative housing corporation

e. ☐ Conveyance pursuant to or in lieu of foreclosure or enforcement of security interest *(attach Form TP-584.1, Schedule E)*

f. ☐ Conveyance which consists of a mere change of identity or form of ownership or organization *(attach Form TP-584.1, Schedule F)*

g. ☐ Conveyance for which credit for tax previously paid will be claimed *(attach Form TP-584.1, Schedule G)*

h. ☐ Conveyance of cooperative apartment(s)

i. ☐ Syndication

j. ☐ Conveyance of air rights or development rights

k. ☐ Contract assignment

l. ☐ Option assignment or surrender

m. ☐ Leasehold assignment or surrender

n. ☐ Leasehold grant

o. ☐ Conveyance of an easement

p. ☐ Conveyance for which exemption from transfer tax claimed *(complete Schedule B, Part 3)*

q. ☐ Conveyance of property partly within and partly outside the state

r. ☐ Conveyance pursuant to divorce or separation

s. ☐ Other *(describe)* _____

| For recording officer's use | Amount received | Date received | Transaction number |
|---|---|---|---|
| | Schedule B, Part 1 $ | **Exhibit H** | **Appx. 26** |
| | Schedule B, Part 2 $ | | |

---

## Schedule B – Real estate transfer tax return (Tax Law Article 31)

**Part 1** – Computation of tax due

| | | | |
|---|---|---|---|
| 1 Enter amount of consideration for the conveyance *(if you are claiming a total exemption from tax, mark an **X** in the Exemption claimed box, enter consideration and proceed to Part 3)* ............. ☒ **Exemption claimed** | **1.** | | |
| 2 Continuing lien deduction *(see instructions if property is taken subject to mortgage or lien)* ......................... | **2.** | | |
| 3 Taxable consideration *(subtract line 2 from line 1)* .................................................................................. | **3.** | | |
| 4 Tax: $2 for each $500, or fractional part thereof, of consideration on line 3 ......................................... | **4.** | | |
| 5 Amount of credit claimed for tax previously paid *(see instructions and attach Form TP-584.1, Schedule G)* ............. | **5.** | | |
| 6 Total tax due* *(subtract line 5 from line 4)* ............................................................................................. | **6.** | | |

**Part 2** – Computation of additional tax due on the conveyance of residential real property for $1 million or more

| | | | |
|---|---|---|---|
| 1 Enter amount of consideration for conveyance *(from Part 1, line 1)* ...................................................... | **1.** | | |
| 2 Taxable consideration *(multiply line 1 by the percentage of the premises which is residential real property, as shown in Schedule A)* ... | **2.** | | |
| 3 Total additional transfer tax due* *(multiply line 2 by 1% (.01))* ............................................................ | **3.** | | |

**Part 3** – Explanation of exemption claimed on Part 1, line 1 *(mark an **X** in all boxes that apply)*

The conveyance of real property is exempt from the real estate transfer tax for the following reason:

a. Conveyance is to the United Nations, the United States of America, New York State, or any of their instrumentalities, agencies, or political subdivisions (or any public corporation, including a public corporation created pursuant to agreement or compact with another state or Canada) ........................................................................................................................... a ☐

b. Conveyance is to secure a debt or other obligation.................................................................................. b ☐

c. Conveyance is without additional consideration to confirm, correct, modify, or supplement a prior conveyance............................ c ☒

d. Conveyance of real property is without consideration and not in connection with a sale, including conveyances conveying realty as bona fide gifts................................................................................................................................. d ☒

e. Conveyance is given in connection with a tax sale................................................................................. e ☐

f. Conveyance is a mere change of identity or form of ownership or organization where there is no change in beneficial ownership. (This exemption cannot be claimed for a conveyance to a cooperative housing corporation of real property comprising the cooperative dwelling or dwellings.) Attach Form TP-584.1, Schedule F ................................... f ☐

g. Conveyance consists of deed of partition ............................................................................................. g ☐

h. Conveyance is given pursuant to the federal Bankruptcy Act.................................................................. h ☐

i. Conveyance consists of the execution of a contract to sell real property, without the use or occupancy of such property, or the granting of an option to purchase real property, without the use or occupancy of such property................................. i ☐

j. Conveyance of an option or contract to purchase real property with the use or occupancy of such property where the consideration is less than $200,000 and such property was used solely by the grantor as the grantor's personal residence and consists of a one-, two-, or three-family house, an individual residential condominium unit, or the sale of stock in a cooperative housing corporation in connection with the grant or transfer of a proprietary leasehold covering an individual residential cooperative apartment................................................................................................................. j ☐

k. Conveyance is not a conveyance within the meaning of Tax Law, Article 31, § 1401(e) *(attach documents supporting such claim)* ...................................................................................................................... k ☐

\* The total tax (from Part 1, line 6 and Part 2, line 3 above) is due within 15 days from the date of conveyance. Make check(s) payable to the county clerk where the recording is to take place. For conveyances of real property within New York City, use Form TP-584-NYC. If a recording is not required, send this return and your check(s) made payable to the **NYS Department of Taxation and Finance**, directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-0045. If not using U.S. Mail, see Publication 55, *Designated Private Delivery Services.*

**Appx. 27**

## Schedule C – Credit Line Mortgage Certificate (Tax Law Article 11)

**Complete the following only if the interest being transferred is a fee simple interest.**
This is to certify that: *(mark an **X** in the appropriate box)*

1. ☒ The real property being sold or transferred is not subject to an outstanding credit line mortgage.

2. ☐ The real property being sold or transferred is subject to an outstanding credit line mortgage. However, an exemption from the tax is claimed for the following reason:

   a ☒ The transfer of real property is a transfer of a fee simple interest to a person or persons who held a fee simple interest in the real property (whether as a joint tenant, a tenant in common or otherwise) immediately before the transfer.

   b ☐ The transfer of real property is (A) to a person or persons related by blood, marriage or adoption to the original obligor or to one or more of the original obligors or (B) to a person or entity where 50% or more of the beneficial interest in such real property after the transfer is held by the transferor or such related person or persons (as in the case of a transfer to a trustee for the benefit of a minor or the transfer to a trust for the benefit of the transferor).

   c ☐ The transfer of real property is a transfer to a trustee in bankruptcy, a receiver, assignee, or other officer of a court.

   d ☐ The maximum principal amount secured by the credit line mortgage is $3 million or more, and the real property being sold or transferred is **not** principally improved nor will it be improved by a one- to six-family owner-occupied residence or dwelling.

      **Note:** for purposes of determining whether the maximum principal amount secured is $3 million or more as described above, the amounts secured by two or more credit line mortgages may be aggregated under certain circumstances. See TSB-M-96(6)-R for more information regarding these aggregation requirements.

   e ☐ Other *(attach detailed explanation).*

3. ☐ The real property being transferred is presently subject to an outstanding credit line mortgage. However, no tax is due for the following reason:

   a ☐ A certificate of discharge of the credit line mortgage is being offered at the time of recording the deed.

   b ☐ A check has been drawn payable for transmission to the credit line mortgagee or mortgagee's agent for the balance due, and a satisfaction of such mortgage will be recorded as soon as it is available.

4. ☐ The real property being transferred is subject to an outstanding credit line mortgage recorded in _____ (insert liber and page or reel or other identification of the mortgage). The maximum principal amount of debt or obligation secured by the mortgage is _____. No exemption from tax is claimed and the tax of _____ is being paid herewith. *(Make check payable to county clerk where deed will be recorded.)*

_____ ▉▉▉▉▉ You All

## Signature (both the grantors and grantees must sign)

The undersigned certify that the above information contained in Schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of their knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

| _____ | Tiffany M.Garriga | _____ | Timothy Slowinski |
| Grantor signature | Title | Grantee signature | Title |

| _____ | _____ | _____ | _____ |
| Grantor signature | Title | Grantee signature | Title |

**Reminder:** Did you complete all of the required information in Schedules A, B, and C? Are you required to complete Schedule D? If you marked e, f, or g in Schedule A, did you complete Form TP-584.1? Have you attached your check(s) made payable to the county clerk where recording will take place? If no recording is required, send this return and your check(s), made payable to the **NYS Department of Taxation and Finance,** directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-0045. If not using U.S. Mail, see Publication 55, *Designated Private Delivery Services.*

**Appx. 28**

## Schedule D – Certification of exemption from the payment of estimated personal income tax (Tax Law, Article 22, § 663)

**Complete the following only if a fee simple interest or a cooperative unit is being transferred by an individual or estate or trust.**

**If the property is being conveyed by a referee pursuant to a foreclosure proceeding, proceed to Part 2, mark an X in the second box under** *Exemption for nonresident transferors/sellers,* **and sign at bottom.**

**Part 1 –** New York State residents

If you are a New York State resident transferor/seller listed in Form TP-584, Schedule A (or an attachment to Form TP-584), you must sign the certification below. If one or more transferor/seller of the real property or cooperative unit is a resident of New York State, **each** resident transferor/seller must sign in the space provided. If more space is needed, photocopy this Schedule D and submit as many schedules as necessary to accommodate all resident transferors/sellers.

### Certification of resident transferors/sellers

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor/seller as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law § 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature | Print full name Tiffany M. Garriga | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

**Note:** A resident of New York State may still be required to pay estimated tax under Tax Law § 685(c), but not as a condition of recording a deed.

**Part 2 –** Nonresidents of New York State

If you are a nonresident of New York State listed as a transferor/seller in Form TP-584, Schedule A (or an attachment to Form TP-584) but are not required to pay estimated personal income tax because one of the exemptions below applies under Tax Law § 663(c), mark an X in the box of the appropriate exemption below. If any one of the exemptions below applies to the transferor/seller, that transferor/seller is not required to pay estimated personal income tax to New York State under Tax Law § 663. **Each** nonresident transferor/seller who qualifies under one of the exemptions below must sign in the space provided. If more space is needed, photocopy this Schedule D and submit as many schedules as necessary to accommodate all nonresident transferors/sellers.

If none of these exemption statements apply, you must complete Form IT-2663, *Nonresident Real Property Estimated Income Tax Payment Form*, or Form IT-2664, *Nonresident Cooperative Unit Estimated Income Tax Payment Form.* For more information, see *Payment of estimated personal income tax,* on Form TP-584-I, page 1.

### Exemption for nonresident transferors/sellers

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor/seller (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law § 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from ———— to ———— *(see instructions).*
                                                                                  Date          Date

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of New York State, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

**Appx. 29**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF COLUMBIA

Filed by:
Timothy P. Slowinski, pro se
224 State Street
Hudson, NY 12534
518-567-7858

TIMOTHY SLOWINSKI,

*Plaintiff,*

-against-

TIFFANY GARRIGA,

*Defendant.*

Index No. E012020016240

Hon. Daniel C. Lynch, J.S.C.

**JUDICIAL SUBPOENA
DUCES TECUM**

THE PEOPLE OF THE STATE OF NEW YORK

TO:  Tiffany Garriga
53 Green Street, #2
Hudson, NY 12534

**ORDERED,** that all business and excuses being laid aside, you turn over the documents

requested herein to Plaintiff Timothy Slowinski, 224 State Street, Hudson, New York 12534 by

March 22, 2024. If you fail to do so, you are commanded to appear, with the requested documents,

before the Honorable Daniel C. Lynch, J.S.C. at the Columbia County Courthouse, 401 Union

Street, Hudson, New York 12534 on the 11th day of April, 2024 at 10:00 a.m., and at any recessed or

adjourned date, to give testimony in this action on the part of and that you bring with you, and

produce at the time and place aforesaid, certain documents now in your custody, and all other deeds,

evidence and writings, which you have in your custody or power, to verify the truth of your answers

to the Information Subpoena.

Documents:

1) Settlement Agreements listing all monetary awards from all defendants in the matter of

Garriga v. Intercontinental Hotels Group, Case Number 18STCV01221, filed in the

Superior Court of California, County of Los Angeles which settled on or about August 25,

2022.

# Exhibit I

**Appx. 30**

2) Financial statements with amounts and account numbers from any bank, agent, broker, trust, credit union, investment company, advisor, financial institution, law group, online account or any person, business, corporation or organization to which the funds from The Settlement were initially deposited and later transferred to after the initial deposit.

3) Financial Statements and/or receipts with amounts and account numbers from each and every person, bank account, bank, agent, broker, trust, credit union, investment company, advisor, law group, online account or financial institution, that is presently holding cash, stocks, bonds, mutual funds, securities or other monies from The Settlement, either in your name or some other name on your behalf.

Failure to comply with this subpoena is punishable as a contempt of Court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by reason of your failure to comply.

**WITNESS,** Honorable Daniel C. Lynch, J.S.C. one of the Justices of The Columbia County Supreme Court, 401 Union Street, Hudson, New York 12534 said Court, at the 23rd day of February 2024.

**DANIEL C. LYNCH, JSC**

**Appx. 31**



STATE OF NEW YORK
UNIFIED COURT SYSTEM
Supreme Court Chambers
6 LODGE STREET
ALBANY, NEW YORK 12207
(518) 455-7793

DANIEL C. LYNCH
Supreme Court Justice

Nathaniel E. Clark
Law Clerk

Sandra Valentina
Secretary

March 18, 2024

**VIA NYSCEF & FIRST CLASS MAIL**

Timothy Slowinski
Plaintiff
123 Warren Street
Hudson, New York 12534

Tiffany Garriga
Defendant
53 Green Street, #2
Hudson, New York 12534

Re:     *Slowinski v Garriga*
        *Index No.* E012020016240

Dear Mr. Slowinski and Ms. Garriga:

Based upon defendant's request, defendant is ordered to provide the subpoenaed materials by April 8, 2024, or be required to appear before this Court at a contempt hearing on April 11, 2024.

**SO ORDERED.**

Hon. Daniel C. Lynch

Justice of the Supreme Court

Filed by:

Timothy P. Slowinski, pro se
224 State Street
Hudson, NY 12534
518-567-7858

# Exhibit J

Appx. 32

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff or petitioner applying (each person
must submit a separate application))

-against-

_____

_____
(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )
(Provide docket number, if available; if filing this with
your complaint, you will not yet have a docket number.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?* ☐ Yes ☐ No (If "No," go to Question 2.)

   I am being held at: _____

   Do you receive any payment from this institution? ☐ Yes ☐ No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed? ☐ Yes ☐ No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment ☐ Yes ☐ No
   (b) Rent payments, interest, or dividends ☐ Yes ☐ No

| | | |
|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts or inheritances | ☐ Yes | ☐ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☐ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____        _____
Dated                                                          Signature

_____        _____
Name (Last, First, MI)                              Prison Identification # (if incarcerated)

_____        _____
Address                          City                    State          Zip Code

_____        _____
Telephone Number                                    E-mail Address (if available)